The **MATERIAL HANDLING INSTITUTE, INC., Appellant.**

v.

**Richard W. McLAREN.**

**No. 18403.**

United States Court of Appeals, Third Circuit.

Argued April 7, 1970.

Decided May 8, 1970.

Edmund K. Trent, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for appellant.

George Edelstein, Appellate Section, Antitrust Division, Department of Justice, Washington, D. C. (Richard W. McLaren, Asst. Atty. Gen., Gregory B. Hovendon, Susan H. Ehringhaus, Attys., Department of Justice, Washington, D. C., on the brief), for appellee.

Before SEITZ and ALDISERT, Circuit Judges, and LATCHUM, District Judge.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

The Material Handling Institute, Inc. (Institute) appeals from a district court order denying its petition to set aside a Justice Department Civil Investigative Demand (CID). Jurisdiction for this appeal is predicated on section 5(d) of the Antitrust Civil Process Act, 15 U.S.C. § 1311 *et seq.*

The Institute, a nonprofit trade association, has been the subject of a Justice Department investigation since 1967. The investigation has focused on the potential anticompetitive effects inherent in the Institute's restrictive membership policy. The Institute limits its membership to those firms selling material handling equipment with 75% or more of their sales income derived from sales of domestically manufactured equipment.

Prior to the issuance of the CID in question, the Institute had always complied with the Department's requests for information. However, when the Department sought a list of nonmember firms eligible for membership, the Institute refused primarily because it was "fearful that any approach by [the Department] to these companies [would] interfere with its future relationship with them." [1] The CID seeking such a list was then served.

The Institute petitioned the district court to set aside the CID. The Justice Department responded with a lengthy memorandum of points and authorities and a supporting affidavit. At this point in the proceedings, the Institute moved for judgment on the pleadings. After a hearing on this motion, the district court issued a memorandum and order denying both the Institute's motion and petition to set aside.[2] This appeal followed.

---

1. Letter from Edmund Trent, attorney for the Institute, to the Justice Department, February 25, 1969.

2. Neither side contends a ruling on the merits at this stage of the proceedings was premature.

On appeal the Institute advances three reasons why its petition should have been granted below. The first reason proffered is that the CID is formally insufficient because it fails to adequately describe the allegedly unlawful conduct under investigation. Section 3(b) (1) of the Act requires that each CID "state the nature of the conduct constituting the alleged antitrust violation which is under investigation and the provision of law applicable thereto * * *." 15 U.S.C. § 1312(b)(1). In attempting to comply with this requirement, the Department stated in its CID that it was investigating a possible violation of section 1 of the Sherman Act by a "contract or combination in unreasonable restraint of trade."

Such a terse statement might, standing alone, present serious questions concerning its conformity with the statutory purpose to inform the recipient of the CID of the conduct under investigation. On the present record, however, there can be no doubt that the Institute understood what conduct was under investigation. There is a two-year history of correspondence and telephone conversations as well as one other CID, all of which sought information concerning the anticompetitive effects of the Institute's restrictive membership practices. Indeed, a Justice Department letter shortly before the issuance of the CID specifically tied the need for the nonmember list to its investigation "of a restrictive membership provision in the by-laws of the Institute."[3] In light of this record, we believe the CID fulfilled the demands of the statute. 15 U.S.C. § 1312(b)(1). See Petition of Gold Bond Stamp Co., 221 F.Supp. 391, 397–398 (D.Minn.1963), aff'd per curiam, 325 F.2d 1018 (8th Cir. 1964).

The second reason offered by the Institute for setting aside the CID is that the documents sought are not relevant to the Department's inquiry. The Institute makes a two-pronged attack here. First it urges that the Department never denied the assertion of irrelevancy in the Institute's petition to the district court and thus it stands admitted. Without deciding whether allegations in such petitions are admitted if not denied, we reject the Institute's contention on the facts. We believe the Department effectively denied this assertion in its memorandum of points and authorities when it said the "document requested, which lists nonmembers [sic] firms eligible for membership [sic] is obviously relevant to any consideration of the anticompetitive effects of a by-law provision restricting membership."

The Institute also argues that the document sought by the CID does not meet the relevancy requirement of the Act.[4] The Department argues that the reasons eligible nonmembers have not joined the Institute are relevant to any analysis of the competitive impact of the Institute and thus to the anticompetitive effect of its membership policy. This explanation in our view adequately demonstrates the relevancy of the document to an inquiry into a potential violation of section 1 of the Sherman Act.

The Institute's final argument is that it cannot be ordered to comply with the CID because it does not possess the document demanded. This claim is based on the tenuous distinction the Institute would draw between possession of addressograph plates listing addresses of eligible nonmembers and the possession of a printed list. Because it possesses only addressograph plates, the In-

---

3. Letter from Richard J. Torre, Justice Department Attorney, to the Institute, March 4, 1969.

4. Section 3 of the Act provides in relevant part:
    "Whenever the Attorney General * * * has reason to believe that any person under investigation may be in possession, custody, or control of any documentary material *relevant* to a civil antitrust investigation, he may * * * issue * * * a civil investigative demand * * *." (Emphasis added) 15 U.S.C. § 1312(a).

stitute argues, it cannot be forced to produce a list. We note initially that the statutory definition of "documentary materials" encompasses all "records." 15 U.S.C. § 1311(g). Moreover, it would be a subversion of the Act's clear intent to allow a business entity to insulate its records from appropriate investigation by the use of modern information storage techniques.

The judgment of the district court will be affirmed.