AMERICAN PHARMACEUTICAL ASSO-CIATION, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, ANTITRUST DIVISION and Richard W. McLaren, Defendants.

MICHIGAN STATE PHARMACEUTICAL ASSOCIATION, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, ANTITRUST DIVISION and Richard W. McLaren, Defendants.

Civ. Nos. 37063, 37097.

United States District Court,
E. D. Michigan, S. D.

Nov. 18, 1971.

William J. Weinstein, Detroit, Mich., Arthur B. Hanson, Washington, D. C., for American Pharmaceutical Ass'n.

Charles R. MacLean, MacLean, Seaman, Laing & Guilford, Lansing, Mich., for Michigan State Pharmaceutical Ass'n.

David F. Hils, Antitrust Div., Department of Justice, Cleveland, Ohio, for defendants.

## OPINION AND ORDER DENYING PLAINTIFFS' MOTIONS TO QUASH AND GRANTING DEFENDANTS' PETITIONS FOR ENFORCEMENT OF CIVIL INVESTIGATIVE DEMANDS

KAESS, District Judge.

Although these cases are filed by different named plaintiffs under separate docket numbers, both actions seek identical relief from the same named parties-defendants. The motions now pending in these actions were argued jointly at the same hearing, and in this court's opinion, these cases present identical questions of law and fact. The court will, therefore, address itself to both cases in this single opinion.

On August 2, 1971 defendant, Richard W. McLaren, Assistant Attorney General of the United States Department of Justice, issued Civil Investigative Demands (CIDs) against the American Pharmaceutical Association and the Michigan State Pharmaceutical Association (the "Associations"). These investigative demands were issued under authority of the Antitrust Civil Process Act, 15 U.S. C. §§ 1311–1314, and they ordered the above named Associations to surrender certain named information and documents to the United States Department of Justice.

Subsequent to the issuance of the CIDs, the American Pharmaceutical Association (in Civil Action #37063) and the Michigan Pharmaceutical Association (in Civil Action #37097) filed petitions to set aside the Investigative Demands on the grounds that they were issued by the Justice Department with

fraudulent and improper motives. The Government answered both plaintiffs' motions to quash and, in turn, petitioned the court for enforcement of the Civil Investigative Demands. The parties then stipulated, pursuant to 15 U.S.C. § 1314(a) that this court was the proper forum to hear the Government's petition for enforcement of the CIDs, and oral argument was heard from all parties on their motions on November 1, 1971.

In essence, both Associations allege that the Department of Justice issued the Investigative Demands with the intent of harassing and bringing duress against these plaintiffs. More specifically, plaintiffs charge in their complaints that the CIDs are being used to aid (or at least they have the effect of aiding) the cases of two national "cut-rate" drug companies which are proceeding against these same plaintiff-associations in separate state antitrust actions. In support of their contentions, plaintiffs have alleged a sequence of supposed related events which they claim are evidence of the Justice Department's complicity in the Michigan litigations.* Plaintiffs further complain that the CIDs are frustrating their efforts to defend against the Michigan suits, and that under all of these circumstances the Investigative Demands should be quashed under authority of Chattanooga Pharmaceutical Association v. United States Department of Justice, 358 F.2d 864 (C.A. 6, 1968).

In response to plaintiffs' contentions (that the CIDs were issued pursuant to improper motives), the Government has submitted affidavits signed by Assistant Attorney General Richard W. McLaren, who heads the Antitrust Division of the Department of Justice. In his affidavits Mr. McLaren states that he has personal knowledge of the facts and circumstances leading to the issuance of the investigative demands involved herein, and he further declares that he authorized the issuance of the demands because he had reason to believe, as a result of preliminary examinations, that these plaintiffs may be parties to a contract, conspiracy, or combination to suppress price competition in the retail medicine market. Mr. McLaren also denies in his sworn statement that the CIDs were issued with the intent or purpose of harassing or bringing duress on the plaintiff pharmaceutical associations.

In light of these sworn statements by the Government, it is the opinion and finding of this court that plaintiffs' allegations of impropriety and fraudulent motives are rebutted. Moreover, the affidavits are also important in that they discredit plaintiffs' reliance on the *Chattanooga* case, supra.

In *Chattanooga*, the facts clearly indicated that the Department of Justice was attempting to harass the Chattanooga Pharmaceutical Association and prevent it from continuing its private suit against a large "cut-rate" drug company which was allegedly selling drug store items at a price below the Tennessee Fair Trade Laws. Of paramount importance to the court's decision in *Chattanooga*, however, was the fact that the Justice Department failed to introduce an affidavit stating why it had issued the civil demand, although it had promised the court it would do so. In the instant controversy, the Government's evidence conclusively demonstrates that the civil demands were issued for valid investigative purposes and not for reasons of intimidation or harassment. Also, unlike the *Chattanooga* case, the pharmaceutical associations involved herein are not the accusers in the pending state litigations, but rather, they are the accused who allegedly have influenced prices and competition in the prescription drug market.

As a further argument against enforcement of the Civil Investigative Demands, plaintiffs contend that

* These events include press releases issued by the National Association of Druggists and by the Government's Antitrust Division concerning the practice of drug companies to advertise prescription prices and offer the elderly public prescription discount plans.

**12**

they should not be made to answer and defend a federal law suit when they are involved in state litigation that encompasses the same subject matter. This argument, the court believes, is both unconvincing and untenable. In the first place, the Department of Justice seeks only to *investigate* the associations' records and conduct. No federal antitrust suit has been initiated against either of these plaintiffs, and no one can be sure that one will be. Secondly, it was never contemplated that our system of dual governments should be used as an excuse to restrain federal agencies from carrying out their duties and responsibilities to the American public. Under the Constitution's cornerstone concept of Federalism, state and federal litigations are not intended to be mutually exclusive, but rather are intended to be supplemental and cumulative.

 Finally, the American Pharmaceutical Association attempts to escape enforcement of the civil demand on grounds that the professional practice of pharmacy is exempt from the reach of the antitrust laws. This argument is totally without merit and one need go only as far as Northern California Pharmaceutical Ass'n v. United States, 306 F.2d 379 (C.A. 9, 1962), cert. denied 371 U.S. 862, 83 S.Ct. 119, 9 L.Ed.2d 99 to find controlling authority on this point. See also, United States v. Utah Pharmaceutical Ass'n, 201 F.Supp. 29 (D.Utah, 1962), appeal dismissed for lack of jurisdiction, 306 F.2d 493 (C.A. 10, 1962), aff'd mem. 371 U.S. 24, 83 S.Ct. 119, 9 L.Ed.2d 96; see in general, American Medical Ass'n v. United States, 317 U.S. 519, 63 S.Ct. 326, 87 L.Ed. 434 (1943). As an aside, it should be noted that the *Northern California* case recognized and held that prescription drugs are commodities which enter the flow of interstate commerce and which are, therefore, subject to regulation under the Sherman Antitrust Act.

 In final summary, the court recognizes that a presumption of regularity applies to the issuance of Civil In-

vestigative Demands. Hyster Co. v. United States, 338 F.2d 183, 187 (C.A. 9, 1964); Lightning Rod Mfrs. Ass'n v. Staal, 339 F.2d 346, 347 (C.A. 7, 1964). Unlike the *Chattanooga* case upon which plaintiffs rely, the allegations of wrongdoing proffered by the American and Michigan Pharmaceutical Associations are vehemently denied by the Assistant Attorney General in charge of the Government's Antitrust Division. The affidavit of Mr. McLaren conclusively demonstrates that the Department of Justice is conducting its investigation without improper motives and in an honest attempt to enforce the laws of the United States. At this time the court has not been shown any evidence that would refute Mr. McLaren's sworn statements, and the court is therefore bound to believe the affidavits of the Assistant Attorney General.

Therefore, it is hereby ordered that the plaintiffs' Motion to Quash the Civil Investigative Demands be, and the same hereby are, denied, and further

It is hereby ordered that the Government's Petitions for Enforcement of the Civil Investigative Demands be, and the same hereby are, granted.