344 F.Supp. 319 (1972)
Petition of EMPRISE CORPORATION, a corporation of New York, for an order modifying or setting aside Civil Investigative Demand No. 1378, Pursuant to 15 U.S.C. 1311, et seq. (76 Stat. 548 et seq.), etc.
Civ. No. 1972-16.
United States District Court, W. D. New York.
April 19, 1972.
*320 Raichle, Banning, Weiss & Halpern, Buffalo, N. Y. (Arnold Weiss, Buffalo, N. Y., of counsel), for Emprise Corporation.
John E. Sarbaugh, Rebecca J. Schneiderman, and Eugene J. Jeka, Attys., Department of Justice, Antitrust Division, for the Government.
JOHN O. HENDERSON, District Judge.
On December 13, 1971, the then Acting Assistant Attorney General in charge of the Antitrust Division of the Department of Justice, Walter B. Comegys, issued a civil investigative demand (hereinafter "the Demand") to Emprise Corporation (hereinafter "Emprise") pursuant to 15 U.S.C. § 1312(a) requiring the production by Emprise of certain documents at a stated time and place.
On January 5, 1972, Emprise filed a petition for an order either setting aside or modifying the Demand or, in the alternative, for an order granting Emprise leave to serve upon the Department of Justice certain interrogatories for the purpose of determining the propriety of the Demand.
On January 19, 1972, the Department of Justice filed a petition for an order for enforcement of the Demand. On January 24, 1972, a hearing was held on both petitions.
*321 In support of its petition for an order setting aside or modifying the civil investigation, Emprise alleges that the Demand was prompted by a discriminatory or improper investigation; that the conduct claimed by the government in its Demand does not violate federal antitrust laws; that Emprise may not be served on behalf of its predecessor; that some documents demanded are confidential in nature and irrelevant, other documents are not material or required by the investigation and still others should not properly be demanded.
For the reasons set forth below, the petition of Emprise for an order setting aside or modifying the Demand is denied. Their petition for leave to serve interrogatories upon the Department of Justice is also denied. The government's motion for an order of enforcement of the Demand is granted.
Emprise claims that for the past two years it has been unjustly and unfairly subjected to legislative and political harassment by the Honorable Sam Steiger, Congressman from the Third Congressional District of Arizona. Emprise further claims that it is presently involved in civil antitrust litigation with individuals and corporations whose residences and/or offices are located in and around Chicago, from where the Demand issued. Accordingly, they assert that the Demand may have been prompted by or in aid of an inquiry of a legislative or political nature, being pursued by an individual member of Congress, or that it stems from or was instigated by a litigant with interests adverse to Emprise.
In response, the government claims that in June 1971 an informant, who is an official of a sports arena that has loans and concession contracts with Emprise, advised the Antitrust Division of the Department of Justice that a subsidiary of Emprise had made loans to owners of sports arenas with the understanding that the subsidiary would receive exclusive concession rights under long term contracts. At that point the government claims that it began a routine preliminary inquiry into this matter with a view toward possible violation of the antitrust laws. Thereafter, a letter was sent to Emprise by the Antitrust Division, advising of the inquiry and requesting Emprise to voluntarily furnish certain information.
In September and November 1971, articles appeared in the Chicago Tribune newspaper indicating that Emprise had made low interest loans in exchange for concession rights. In addition to citing the testimony of the general manager of the Montreal Expos Baseball Team, the articles contained additional information concerning the extent of Emprise involvement with other concession contracts in sport arenas throughout the country.
After the information requested was not voluntarily supplied by Emprise, the Demand in question was issued by the Acting Assistant Attorney General, Walter B. Comegys.
The government has previously submitted a sworn affidavit from Mr. Comegys wherein he states that the investigation of Emprise is being carried out solely as a result of an independent decision of the Department of Justice and specifically denies that the Demand was issued in aid of any inquiry of a legislative or political nature, or in aid of any private litigant, or any other improper purpose.
It is noted initially that the investigative powers given by Congress to various government agencies is not unconditional. The government may not subvert the use of its investigative power by reason of political influence or other improper motives. Chattanooga Pharmaceutical Assn. v. United States Department of Justice, 358 F.2d 864 (6th Cir. 1966). Emprise does not contend that the Demand was in fact motivated by an improper purpose. They do insist on the opportunity to address limited interrogatories to the Antitrust Division to determine whether or not such an improper purpose exists. However, in view of the affidavit of Mr. Comegys, *322 it is unclear what purpose would be served by such interrogatories. He has categorically denied that the Demand was issued for the purpose of aiding any legislative or political inquiry or private litigation.
The only case cited by the parties or found by this court wherein interrogatories of the type proposed by Emprise were permitted to be served upon the Department of Justice is The Matter of the Petition of Cleveland Trust Co., C 68-855 (N.D.Ohio, March 4, 1969). The Assistant Attorney General in charge of the Antitrust Division also submitted an affidavit in that case. That affidavit, however, simply recited that the investigation of Cleveland Trust Company was instituted as a result of an independent decision of the Department of Justice. It did not address itself to whether the investigation was either in aid of a legislative or political inquiry or some other improper purpose. To that extent, there may have been a question of fact presented for resolution and accordingly that case is distinguishable from the present petition. Whatever reasons the court in the Cleveland Trust Case, supra, had for permitting those interrogatories to the Department of Justice are not presented in the petition of Emprise. The question of improper motives has been answered by Mr. Comegys' affidavit and, accordingly, the interrogatories are neither necessary nor appropriate. See, American Pharmaceutical v. United States Department of Justice, Antitrust Division; Michigan State Pharmaceutical Assn. v. United States Department of Justice, Antitrust Division, 344 F.Supp. 9 (E.D.Mich.1971).
As to the identity of the initial informant, the government claims that this is privileged information and that there is nothing alleged in the petition of Emprise which would warrant such disclosure. This court agrees with that conclusion. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).
Emprise further contends that the conduct set forth in the Demand is insufficient to constitute either a violation of sections 1 or 2 of the Sherman Act (15 U.S.C. §§ 1 and 2) or section 3 of the Clayton Act (15 U.S.C. § 14). With regard to the Sherman Act, Emprise claims that the violation alleged in the Demand is not of broad, general or substantial monopolization or restraint of trade as to come within the purview of the Sherman Act. With regard to the Clayton Act, Emprise claims that the alleged violation by "tying" fails to show a definable and distinct "line of commerce" or "tied product" or the existence of sufficient economic power so as to come within the purview of the Clayton Act.
The Demand recites the conduct by Emprise under investigation as:
"The use by Emprise Corporation or its subsidiaries or affiliates of lending power or other collateral inducements to obtain concession rights at sports arenas with the effect of foreclosing its competitors from a substantial volume of interstate commerce."
Title 15 U.S.C. § 1312(b) (1) requires that a civil investigation Demand "state the nature of the conduct constituting the alleged antitrust violation which is under investigation and the provision of law applicable thereto."
The purposes of the Antitrust Civil Process Act are to enable the Attorney General to determine whether there has been a violation of antitrust laws and, if so, to enable him to allege properly violations in a civil complaint. Petition of Gold Bond Stamp Co., 221 F.Supp. 391, 397 (D.Minn.1963), affd, 325 F.2d 1018 (8th Cir. 1964). It follows, therefore, that the government should not be required to allege with precision all facts in the Demand necessary to establish a cause of action in a complaint. Consistent with this principle, courts have upheld such demands where the description of the conduct under investigation advised the person on *323 whom it was served of the intent and scope of the demand. Petition of Gold Bond Stamp Co., supra; Material Handling Institute, Inc. v. McLaren, 426 F. 2d 90 (3rd Cir. 1970); Amateur Softball Assn. of America v. United States, Civil 71-544 (W.D.Okl. Dec. 14, 1971).
Not only does the Demand now under consideration accomplish that objective but it is also apparent from the petition, affidavits and oral argument on behalf of Emprise, that the intent and scope of the Demand are clearly understood by that corporation.
As to the documents demanded, Emprise claims that the profit and loss statements, balance sheets and other financial reports are both confidential and irrelevant to the investigation described in the Demand. A similar position is taken with respect to the contracts and documents relating to concession rights and loans in any sport arena.
The recent cases of Fortner Enterprises v. United States Steel, 394 U.S. 495, 89 S.Ct. 1252, 22 L.Ed.2d 495 (1969), concerning improper use of power in the credit market, and American Manufacturers Mutual Insurance Co. v. American Broadcasting-Paramount Theatres, 446 F.2d 1131 (2d Cir. 1971), concerning coercive tying arrangements, clearly indicate to this court that those documents are relevant to any thorough investigation of conduct described in the Demand.
Concerning the claimed confidentiality of certain documents, Title 15 U.S.C. § 1313(c) provides to Emprise adequate protection against disclosure to third parties. However, as to the government, this claim is insufficient to immunize those documents from disclosure pursuant to the Demand.
Finally, Emprise points out that the "old" Emprise Corporation was dissolved in March 1970 when it merged with High Park Corporation. Shortly thereafter High Park Corporation changed its name to the present Emprise Corporation. From this they conclude that the present Emprise Corporation cannot be held responsible for the prior actions of the "old" Emprise, and accordingly the Demand for documents existing prior to March 1970 is not proper. They further contend that the new Emprise cannot be served on behalf of the "old" Emprise except in accordance with the Corporation Laws of the State of New York.
The Demand in question requests only documents in the possession, control or custody of Emprise. This court is unaware of any authority that would limit such a demand to documents originating with Emprise or excluding documents previously "owned" by some organization other than Emprise.
As previously noted, the Demand concerns documents which this court finds to be reasonably related to the investigation of the use by Emprise of its lending power to obtain concession rights at sports arenas in violation of the antitrust laws.
Furthermore, documents of a dissolved corporation are subject to subpoena whether they are in the possession of either a successor corporation or individuals who were former owners or officers of that corporation. Wheeler v. United States, 226 U.S. 478, 490, 33 S. Ct. 158, 57 L.Ed. 309 (1912); Grant v. United States, 227 U.S. 74, 79, 80, 33 S. Ct. 190, 57 L.Ed. 423 (1913); Curcio v. United States, 354 U.S. 118, 122, 77 S.Ct. 1145, 1 L.Ed.2d 1225 (1955).
Accordingly, the petition of Emprise for an order setting aside or modifying the Demand and for leave to serve interrogatories on the Department of Justice are denied. Emprise is further directed to comply with Civil Investigative Demand No. 1378 forthwith.
It is so ordered.