**AMERICAN PHARMACEUTICAL ASS'N and Michigan State Pharmaceutical Ass'n, Appellants,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE et al., Appellees.**

Nos. 72–1072, 72–1073.

United States Court of Appeals, Sixth Circuit.

Oct. 19, 1972.

Arthur B. Hanson, Washington, D. C., for appellants; William J. Weinstein, Detroit, Mich., Charles R. MacLean, MacLean, Seaman, Laing & Guilford, Lansing, Mich., on briefs.

Stephen Rubin, Atty., Dept. of Justice, Washington, D. C., for appellees; Walker B. Comegys, Acting Asst. Atty. Gen., Antitrust Div., Howard E. Shapiro, Atty., Dept. of Justice, Washington, D. C., on briefs.

Before CELEBREZZE and PECK, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

O'SULLIVAN, Senior Circuit Judge.

Identical issues of fact and questions of law are involved in these appeals; they were considered together in the United States District Court, as they are here.

The United States Department of Justice issued a Civil Investigative Demand to the appellant American Pharmaceutical Association under the provisions of Title 15, U.S.C. § 1312, seeking to require such Association to disclose information that might be "relevant to a civil antitrust investigation," and reciting that such association was a person "under investigation" concerning possible violation of the antitrust laws of the United States.

Prior to issuance and service of the Civil Investigative Demand, the American Pharmaceutical Association had given notice to two pharmacists practicing in Michigan, Myron D. Winkelman, an employee of Revco Discount Drug Centers, and Geoffrey Stebbins, an employee of Arnold Pharmacies, Inc., that they were in violation of the Code of Ethics adopted by the American Pharmaceutical Association, having special reference to Section 8 of such Code. That Section reads:

"A pharmacist should not solicit professional practice by means of advertising or by methods inconsistent with his opportunity to advance his professional reputation through service to patients and to society."

These persons were notified to appear before the Judicial Board of the American Pharmaceutical Association on January 14, 1971, to answer charges of unethical conduct, such conduct having primarily to do with the advertising practices of their respective employers, Revco and Arnolds—both chain drugstore operations.

Prior to the date set for the hearing, the accused pharmacists brought suits in the Circuit Court of Wayne County, Michigan, charging the Michigan State Pharmaceutical and the American Pharmaceutical Association with violations of Michigan antitrust laws, interference with the plaintiffs' constitutional rights and other wrongs. Incident to such litigation, the plaintiffs (the two pharmacists accused of unethical conduct) obtained restraining orders whereby the hearings having to do with their alleged unethical conduct were suspended. During January, 1971, news releases were issued concerning this litigation by Revco and Arnolds and by the National Association of Chain Drug Stores, Inc. One of such releases recited that:

"The U.S. Department of Justice and other government officials have been notified of the pending proceeding to revoke the membership of two chain drug pharmacists by the American Pharmaceutical Association (APhA) and the Michigan State Pharmaceutical Association (MSPA) and asked the Department to carefully review this matter and its antitrust implications in retail drug distribution."

And also that:

"Restrictions on advertising of pharmaceutical services may hold the seeds for possible antitrust violations."

On January 14, 1971, the United States Department of Justice sent a letter to the Executive Director of the American Pharmaceutical Association which advised:

"Our office is seeking correct information concerning any rules which your association and its affiliates might have respecting advertising by pharmacists. We are also interested in securing details of any disciplinary actions you may have initiated in accordance with any such rules."

On January 19, 1971, General Counsel for American Pharmaceutical Association replied to the Department of Justice letter of January 14, 1971. After referring to the litigation pending in the Circuit Court of Wayne County, Michigan, brought by the pharmacists employed by Revco and Arnolds and the documents that would be sent, the letter concluded:

"The only other two actions which would be pertinent to your inquiry are those involving the plaintiffs in the above-cited cases and since this is now a matter of court inquiry in pending suits, I do not feel free to discuss this information with you. We are sure that you can get any information you desire from the plaintiffs."

On January 25, 1971, the Assistant Attorney General wrote saying:

"While information comes to the Antitrust Division from various sources, we find it useful when we are able to gain complete knowledge in matters under our study. We therefore would like to renew our request to interview informed officials of your client concerning the topics outlined in our earlier January 14 letter."

On August 2, 1971, the Civil Investigative Demand which is the subject of this litigation was issued by the Department of Justice to the American Pharmaceutical Association. On September 7, 1971, the American Pharmaceutical Association filed its Petition to Set Aside, and on September 14, 1971, the Michigan State Pharmaceutical Association filed its Petition to Quash, the involved Civil Investigative Demand. The Department of Justice filed answer to the foregoing and petitioned for enforcement of its Civil Investigative Demand.

The basis of the attack upon the Civil Investigative Demand is set out in the opinion of the District Court as follows:

"In essence, both Associations allege that the Department of Justice issued the Investigative Demands with the intent of harassing and bringing duress against these plaintiffs. More specifically, plaintiffs charge in their complaints that the CIDs are being used to aid (or at least they have the effect of aiding) the cases of two national 'cut-rate' drug companies which are proceeding against these same plaintiff-associations in separate state antitrust actions. In support of their contentions, plaintiffs have alleged a sequence of supposed related events which they claim are evidence of the Justice Department's complicity in the Michigan litigations. Plaintiffs further complain that the CIDs are frustrating their efforts to defend against the Michigan suits, and that under all of these circumstances the Investigative Demands should be quashed under authority of Chattanooga Pharmaceutical Association v. United States Department of Justice, 358 F.2d 864 (C.A.6, 1966)."

In response to plaintiffs-appellants' contentions (that the Civil Investigative Demands were issued pursuant to improper motives) the government had submitted affidavits signed by Assistant Attorney General Richard W. McLaren, who headed the Antitrust Division of the Department of Justice, declaring that he had personal knowledge of the facts and circumstances leading to the issuance of the invstigative demands and that he authorized their issuance because of his belief that plaintiffs-appellants might be parties to a contract or combination to

suppress price competition in the retail medicine market.

The District Judge distinguished this case from our decision in Chattanooga Pharmaceutical Ass'n v. United States Department of Justice, 358 F.2d 864 (6th Cir. 1966), by pointing out that there the charges accusing the Department of Justice of using its power to harass the Chattanooga Association in seeking to enforce the Tennessee Fair Trade Act went undenied. His opinion points out that in the case at bar such was not true. He stated:

"At this time the court has not been shown any evidence that would refute Mr. McLaren's sworn statements, and the court is therefore bound to believe the affidavits of the Assistant Attorney General." 344 F.Supp. at 12.

The basis for the District Judge's rulings is adequately set forth in his opinion and order, which are reported as American Pharmaceutical Association v. United States Department of Justice, 344 F.Supp. 9 (E.D.Mich.1971). He concluded:

"Therefore, it is hereby ordered that the plaintiffs' Motion to Quash the Civil Investigative Demands be, and the same hereby are, denied, and further

"It is hereby ordered that the Government's Petitions for Enforcement of the Civil Investigative Demands be, and the same hereby are, granted."

We affirm the judgment of the District Court upon the opinion of Honorable Fred W. Kaess entered on November 18, 1971. American Pharmaceutical Association v. United States Department of Justice, 344 F.Supp. 9 (E.D.Mich. 1971). On the 11th day of January, 1972, the said District Judge entered an order granting a stay of enforcement of his order pending this appeal. In view of our disposition of this matter, the aforesaid stay is hereby dissolved.