**GOLD BOND STAMP COMPANY,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 17436.

United States Court of Appeals
Eighth Circuit.

Jan. 14, 1964.

Daniel M. Singer, of Strasser, Spiegelberg, Fried, Frank & Kampelman, Washington, D. C., made argument for the appellant and filed brief with Harold P. Green, Max M. Kampelman, Alan L. Wurtzel, Washington, D. C., of Counsel Strasser, Spiegelberg, Fried, Frank & Kampelman, Washington, D. C., and also Levitt, Palmer & Bearmon, Minneapolis, Minn.

George R. Kucik, Attorney, Civil Division, Dept. of Justice, Washington, D. C., made argument for the appellee and filed brief with William H. Orrick, Jr., Asst. Atty. Gen., Civil Div., Dept. of Justice, Washington, D. C., and Robert B. Hum-

mel, Atty., Civil Div., Dept. of Justice, Washington, D. C.

Before VOGEL, BLACKMUN and RIDGE, Circuit Judges.

PER CURIAM.

This appeal involves consideration of the Antitrust Civil Process Act of 1962, 76 Stat. 548–552, 15 U.S.C.A. §§ 1311–1314. Pursuant to the provisions of the Act, the Assistant Attorney General in charge of the Antitrust Division of the Department of Justice served a demand upon Gold Bond to produce, make available for inspection and copying or reproduction and to deliver to a named custodian certain documentary material and providing:

"This civil investigative demand is issued pursuant to the provisions of the Antitrust Civil Process Act, 76 Stat. 548–552, Title 15 United States Code Secs. 1311–1314, in the course of an inquiry for the purpose of ascertaining whether there is or has been a violation of the provisions of Title 15 United States Code Secs. 1, 2, 3, 13, 14 and 18 by conduct of the following nature: Restrictive practices and acquisitions involving the dispensing, supplying, sale or furnishing of trading stamps and the purchase and sale of goods and services in connection therewith."

Following the procedure outlined in 76 Stat. 551, 15 U.S.C.A. § 1314, Gold Bond applied to the District Court for an order modifying or setting aside the demand. From a denial thereof Gold Bond appealed to this court. In his opinion denying relief, Judge Nordbye carefully examined the purpose of the Antitrust Civil Process Act, its legislative history and its provisions. His excellent and comprehensive analysis of the Act and his determination that the demand to produce herein complied with its requirements fully answer appellant's contentions. It is published in Petition of Gold Bond Stamp Company, D.C.Minn., 1963, 221 F. Supp. 391. We are in complete accord with what Judge Nordbye says with reference to the Act in question and the

nature of the instant demand served in connection with the provisions thereof. Accordingly, on the basis of his opinion, this case is affirmed.