**LIGHTNING ROD MANUFACTURERS ASSOCIATION, Petitioner-Appellant,**

v.

**Robert J. STAAL, Respondent-Appellee.**

**No. 14559.**

United States Court of Appeals Seventh Circuit.

Dec. 1, 1964.

Stanley Efron, Minneapolis, Minn., Charles W. Ainlay, Goshen, Ind., for appellant, Pepple, Yoder & Ainlay, Goshen, Ind., Patrick Murray, Rice & Efron, Minneapolis, Minn., of counsel.

Irwin A. Seibel, Atty., Dept. of Justice, Washington, D. C., William H. Orrick, Jr., Asst. Atty. Gen., Robert B.

Hummel, Atty., Dept. of Justice, Washington, D. C., for appellee.

Before HASTINGS, Chief Judge, and KILEY and SWYGERT, Circuit Judges.

KILEY, Circuit Judge.

The question raised on this appeal under § 5 of the Antitrust Civil Process Act[1] is upon the validity of a Civil Investigation Demand served by the United States Attorney General upon appellant, a trade association, pursuant to the provisions of the Act and directing appellant to turn over to a designated custodian documentary material for inspection in connection with an inquiry into possible antitrust violations. We think the district court correctly decided the Demand is valid.

Pertinent provisions of the Demand are set forth in the margin.[2] A schedule attached to the Demand covered the period from January 1, 1945, to the date of issuance, September 24, 1963, and listed the kinds of documentary material demanded.

This is the first time the question has been raised in this court. However, the Eighth Circuit in Gold Bond Stamp Co. v. United States, 325 F.2d 1018 (1964), aff'g. Petition of Gold Bond Stamp Co., 221 F.Supp. 391 (D.Minn.1963) and the Ninth Circuit in Hyster Co. v. United States, 338 F.2d 183, (1964), have upheld the validity of Demands attacked for noncompliance with the Act. The Eighth Circuit affirmed a pioneer opinion of

Judge Nordbye which gives the history of the Act, with "an excellent and comprehensive analysis." The Ninth Circuit, rejecting several arguments advanced in Hyster similar to those in Gold Bond, saw "no benefit" in repeating Judge Nordbye's conclusions.

■ The Association argues that the Demand is invalid because it does not set out the nature of the alleged conduct constituting an act or omission violative of antitrust law. This argument was rejected by Judge Nordbye with reference to a Demand no more specific than the one before us. We see no reason to amplify or repeat what was said there in rejecting this argument.

■ There is no merit to the claim that the Demand is invalid on the ground that it does not meet the requirement of the Act that Demands may be served only on "a person under investigation." There is no requirement in the Act that the Demand state that the addressee is "under investigation." We think the presumption that the Attorney General did his duty in meeting that requirement validates the Demand in this respect, absent a showing that he failed in his duty. There is no showing to that effect. Hyster Co. v. United States, 338 F.2d 183, 9th Cir. (1964), p. 186.

■ The Association argues that the time span of 1945 to September, 1963, covered by the Demand, is excessive under the Act and should be modified. It concedes, however, that courts have up-

[1.] 76 Stat. 548–52, 15 U.S.C. §§ 1311–1314.

[2.] "CIVIL INVESTIGATIVE DEMAND NO. 0232

"You are hereby required to produce, to make available for inspection and copying or reproduction, and to deliver to a custodian named herein, at your principal place of business, designated above, the documentary material in your possession, custody or control described on the attached schedule, on the 14th day of October, 1963, at 10:00 A.M.

"This civil investigative demand is issued pursuant to the provisions of the Antitrust Civil Process Act * * * in the course of an inquiry for the purpose

of ascertaining whether there is or has been a violation of the provisions of Title 15 United States Code Secs. 1 and 2 by conduct of the following nature: Conspiracy to restrain trade by fixing the prices of lightning protection systems and components thereof and by conspiring to refuse to deal with a purchaser of components thereof; conspiracy to monopolize by agreeing to exclude a seller of lightning protection systems from the sale thereof.

"For the purposes of this investigation, the following are designated as custodians to whom said documentary material shall be made available and delivered: Robert J. Staal, Custodian."

held subpoenas covering periods "equal to and in excess of" that span. Thus the Act was not *ipso facto* violated by the Demand covering that span. Petition of Gold Bond Stamp Co., 221 F.Supp. 391, 399 (D.Minn.1963), aff'd. per curiam, Gold Bond Stamp Co. v. United States, 325 F.2d 1018 (8th Cir. 1964). Furthermore, at the district court hearing, counsel for the Association admitted that compliance with the Demand would involve but one volume of fifty documents. We see no abuse of discretion in the district court's refusal to modify the Demand as to the period covered.

We have considered all points raised, but have discussed only those necessary to our decision. The judgment is affirmed.