THOMAS, Justice.
This case comes to us via certiorari, under Section 4(2) of Article V of the Constitution, F.S.A., the District Court of Appeal, Third District, according to the court’s certificate, having passed upon a question of “ ‘great public interest,’ ” defined by the court as a “question of procedure relating to law enforcement * * * of legal and practical importance * * * applicable throughout the State.” A more precise statement of the problem will emerge as we give the facts and digest the law presented in the briefs.
The petitioner was served with a subpoena commanding him to appear and tes *874 tify before the respondent-State Attorney. The petitioner appeared in obedience to the subpoena but he refused to answer any questions directed to him unless his attorney would be present during the examination. Thereupon the State Attorney applied to Honorable Gene Williams, Judge of the Criminal Court of Record, and got a citation and rule to show cause why the petitioner should not be adjudged in contempt of court for his refusal to testify in the absence of his attorney.
The petitioner attacked the contempt citation on the ground that Section 27.04, Florida Statutes, F.S.A., granted no authority generally to the State Attorney to conduct “secret” hearings and that, specifically, it did not appear from the proceedings just what it was that the State Attorney proposed to investigate. In the first place use of the adjective “secret” is not accurate or well chosen for secrecy of the proceedings would not be established simply because the investigating officer chose to go forward with his duties without waiting until prospective witnesses arranged to be accompanied by their attorneys. For aught we know, or the record discloses, the hearing room would have been open to the multitude while the investigation progressed. As for his lack of knowledge about the subject of the inquiry the petitioner had but to read all of Section 27.04 to learn that the State Attorney is empowered to resort to the procedure “as to any violation * * * of the crimiual law.”
Failing in his assault on the citation and rule to show cause, the petitioner filed an answer admitting his refusal to testify without the presence of his counsel and asserting that he was entitled to representation by an attorney by reason of the provisions of Sections 11 and 12 of the Declaration of Rights of the Constitution of Florida and Amendments VI and XIV of the Constitution of the United States.
At the hearing on the rule to show cause an assistant State Attorney swore that the disappearance of one Judith Hyams was being investigated and that there were “strong indications” that foul play was involved.
At the conclusion of the hearing on the contempt citation the judge ruled that the petitioner would be required to observe the witness subpoena and appear before the State Attorney or one of his assistants without the presence of counsel.
From the order of the trial court the petitioner appealed to the District Court of Appeal, Third District.
According to the petition for certiorari here the petitioner believes that the appellate court was faced with the question whether a court, “or a prosecutor, may compel a person to appear without counsel before a prosecutor and give testimony in secret against his will concerning violations of the criminal law of this State.” (Italics supplied.)
The District Court of Appeal was wholly unsympathetic with petitioner’s position and sustained the trial court on the authority of Dinnen v. State, 168 So.2d 703, where the court was dealing with an identical situation.
We are nonplussed by repeated references to a “secret” session in which the State Attorney was undertaking to ferret out crime and the perpetrators of it. True, investigations by a grand jury are secretly held because the statute requires that they be secret but there is slight if any analogy between such procedure and that followed under Section 27.04. Eventually in his brief the petitioner, himself, submits that there is clearly no analogy between such inquests before a prosecutor and before a grand jury citing Sections 905.17, 905.24 and 905.27, Florida Statutes, F.S.A.
The petitioner makes the bald assertion that the ruling in Dinnen was wrong and should be “specifically” overruled by this court.
The petitioner dislikes the decision in Dinnen and prefers the dissenting opinion of Justice Black in Anonymous v. Baker, 360 U.S. 287, 79 S.Ct. 1157, 3 L.Ed. 1234, *875 but we do not join him in the choice. Rather we adopt the logic of Judge Augustus Hand in In Re Black, 47 F.2d 542, quoted fully in Dinnen. It is true that Judge Hand was considering an objection by a prospective witness to appearing before a grand jury without counsel but his logic appeals to us and, actually he applies it to witnesses at trial also. What a spectacle would evolve if all the witnesses before all the grand juries and all the prosecutors in the State could plant their feet and defy inquisition into criminal violations unless each had an attorney at his elbow. That would indeed be a leap from the sublime protection under the Constitution to the ridiculous obstruction of justice. We don’t view the administration of justice as a means only of coddling prisoners and securing to lawbreakers escape from paying for their misdeeds but rather as a system to winnow the guilty and innocent to make freedom as well as guilt more sure.
In his next question, the petitioner asserts that there is no authority in Section 27.04 for the State Attorney to hold a secret inquisition, and in his formal presentation of the problem he insists that there is no authority in the State Attorney to exclude counsel for a witness being interrogated.
We think this treatment of the litigation puts the vital question completely out of focus. We know of no provision for secret inquisitional sessions by the State Attorney. This is the attitude of the Attorney General, respondent, who says in his brief that what he “is. empowered to do pursuant to Sec. 27.04 F.S.A. is not done in ‘secret chambers’ ”.
But the petitioner pursues the matter by urging that such an inquisition by the State Attorney is a stage of a criminal prosecution and having adopted that as a premise he contends that if the witness, presumably any witness, is summoned under the act, he is entitled to counsel at that step in the prosecution, else his rights under Section 11 of the Declaration of Rights of the Florida Constitution and Amendment VI of the Constitution of the United States securing to the “accused” in all prosecutions the assistance of counsel, and Amendment XIV prohibiting the State from enforcement of laws that abridge the privileges or immunities of citizens under the Federal Constitution are violated.
All this argument is beside the point of the case which as we have indicated is not brought clearly into focus. The petitioner presented himself in obedience to the subpoena but he refused to testify unless his counsel was with him during the interrogation. This, apparently, was on the theory that he himself might eventually be prosecuted and the State Attorney’s inquisition being a stage in the proceeding would constitute the deprivation of the right to counsel guaranteed him by the Constitutions. But this was a forlorn hope and the position seems to have been settled in In Re Groban, 352 U.S. 330, 77 S.Ct. 510, 1 L.Ed.2d 376. It is true that was a case dealing with an inquisition by a fire marshal1 to determine whether a fire resulted from carelessness or design, but the underlying principle is the same. The court said it was not a criminal trial or an administrative proceeding that would adjudicate the witnesses’ responsibility. Then appears this significant language: “The fact that appellants were under a legal duty to speak and that their testimony might provide a basis for criminal charges against them does not mean that they had a constitutional right to the assistance of their counsel.” (Italics supplied.)
From our study of the record we are convinced that the petitioner was not justified in declining to answer the questions asked him by the State Attorney and that his failure or refusal to do so unless accompanied by his attorney was contemptuous. Since the hearing was open, doubtless the petitioner’s attorney could have been present, but that circumstance is only inci-dentál.
The decision of the District Court of Appeal is affirmed.
*876 THORNAL, C. J., and CALDWELL, ERVIN and HOBSON (Retired), JJ., concur.