393 So.2d 589 (1981)
Jaime CORDOBA, Appellant,
v.
Sandra CORDOBA, Appellee.
No. 79-162.
District Court of Appeal of Florida, Fourth District.
January 21, 1981.
Rehearing Denied February 25, 1981.
*590 Nancy Little Hoffman, Fort Lauderdale, and Jeffrey P. Wasserman, of Litman, Muchnick & Wasserman, Hollywood, for appellant.
Tobias Simon, Miami, for appellee.
HERSEY, Judge.
This is an interlocutory appeal by the defendant from an order denying a motion to quash and dismiss for lack of jurisdiction.
The parties were formerly married and in March of 1977 the wife filed a four-count complaint against the husband in Circuit Court in Broward County, Florida.
Count I complained of the husband's removal of the minor child from the State of Wyoming contrary to a Wyoming custody order and demanded compensatory and punitive damages for an intentional tort; towit, the intentional infliction of emotional distress. This count required in personam jurisdiction.
The remaining counts were in the nature of in rem or quasi in rem jurisdiction. Count II sought to invalidate a mortgage on real property in Broward County which was owned by the parties as tenants in common and the mortgagee was joined as a party defendant. Count III claimed a special equity in the husband's share in the Broward County property and in the alternative sought to obtain the husband's share as lump sum alimony. Count IV requested partition of the property as an alternative to the relief requested under Count III.
Jurisdiction was acquired by constructive service by publication against the husband who was not a resident of the State of Florida. Husband who was not personally served moved to dismiss the complaint for lack of jurisdiction of the parties and the subject matter.
The trial court granted the motion as to Count I and denied it as to Counts II, III, and IV. In a prior interlocutory appeal this Court affirmed without opinion. Cordoba v. Cordoba, 356 So.2d 393 (Fla. 4th DCA 1978).
The trial court subsequently granted a motion for summary final judgment in favor of the wife on Count II and proceeded to trial on the remaining Counts III and IV. After trial on the merits in which the defendant appeared, judgment was rendered in favor of wife. A separate consolidated appeal from the summary final judgment (as to Count II) and the final judgment (as *591 to Counts III and IV) is presently pending before this Court.
While in attendance at the trial of Counts III and IV, the husband was served with an alias summons, attached to which was a photostatic copy of the initial complaint containing the previously dismissed Count I. The husband moved to quash and to dismiss for lack of jurisdiction over the subject matter and person and to quash service of process. The trial court denied the motion to quash and to dismiss for lack of jurisdiction and the husband seeks review of the jurisdictional finding by interlocutory appeal. The issue is whether husband was immune from personal service of process regarding Count I (tortious infliction of mental distress) while attending the trial of the in rem counts. We hold the husband was immune and reverse.
Formerly, a question of jurisdiction over the person would have been raised by a special appearance. Modernization of the rules of civil procedure has resulted in elimination of such appearances and a party may now assert lack of jurisdiction in a responsive pleading or by motion. Rule 1.140, Florida Rules of Civil Procedure.
The case of Rorick v. Chancey, 130 Fla. 442, 178 So. 112 (1937), established the rule that non-residents who voluntarily come into the jurisdiction to attend court as parties or witnesses, or in some other capacity related to the necessities of pending litigation, are immune from service of process during the period of their attendance. An exception to this rule exists where the process is issued in litigation incidental to or correlated with the subject matter of the proceeding during attendance upon which the non-resident is served. In such situations immunity from service has been denied. State ex rel. Ivey v. Circuit Court of the Eleventh Judicial Circuit, 51 So.2d 792 (Fla. 1951). Our Supreme Court refined this concept in Lienard v. DeWitt, 153 So.2d 302 (Fla. 1963), holding that the exception to the immunity rule would be applied where there is an identity of parties and subject matter. The Court rejected an additional requirement of substantial identity of result.
The history and rationale of the rule granting immunity from service of process are considered at length at 72 C.J.S. Process § 80. Suffice it to say that the basic reason for the rule is to aid in the orderly administration of justice. It is important to that process that any person having knowledge of the facts in issue before the court be motivated to appear and to make those facts known. The possibility of being served with process while so involved might well deter witnesses or parties from coming forward.
The possibility of conflict looms whenever it is alleged that the court has in rem or quasi in rem jurisdiction and a party appears to protect his interests and is then served with process in an attempt to establish in personam jurisdiction. Here we hold there was no subject matter identity between Count I and the remaining counts. Thus the rule of immunity applied and the exception noted in Lienard v. DeWitt, supra, was not called into play.
There would appear to be two points of departure between the majority opinion and Judge Downey's well-written and thoughtful dissent which we here note.
First the dissent concludes that we have here identity of parties and of legal issues. The identity of parties element is undeniably present. Identity of legal issues is not. Count I raises legal issues sounding in tort involving the intentional infliction of emotional distress. The remaining counts pertain to an encumbrance upon and appellee's entitlement to an interest in real property. There are simply no points of similarity between the respective legal issues. The mere fact that all of the causes of action arose out of the shambles of a marital relationship does not, in the opinion of the majority, supply the identity which is essential to the point-of-view taken by the dissent. This lack of identity, alone, would seem to be sufficient to refute the contention that the exception to the immunity rule applies.
*592 The dissent, however, goes one step further and announces an additional distinguishing feature: The immunity rule does not apply, maintains the dissent, to suitors in the very cause for which they have entered the jurisdiction. If this were the sum and substance of the rule then the dissent would become the majority opinion. We suggest, however, that a more correct statement is that the immunity rule does not apply to suitors in the very cause for which they have entered the jurisdiction where there exists identity of parties and legal issues. The dissent disposes of appellants' reliance on Murphy & Jordan, Inc. v. Insurance Company of North America, 278 So.2d 296 (Fla.3d DCA 1973), by pointing out that in that case there was no identity of parties. So perhaps the dissent concedes that even where process issues in the same cause there must be identity of the parties to invoke the exception. What remains, then, is whether there must also be identity of legal issues. We read Lienard v. DeWitt (supra) as answering this question in the affirmative. If the rule were different then a party finding a non-resident defendant's vacant lot in Florida could commence litigation here joining as many causes of action as he might have against that defendant in a multi-count complaint and eventually perfect service as the appellee attempted to do in this case. The other side of the coin would be that if the dissent became the law of Florida the non-resident defendant might well decide that he could not afford to subject himself to liability on the other counts or the expense of litigating in a foreign state so that he would not make himself available to litigate the in rem count. Thus the fact-finding process would be stalled, the judicial process would not be well-served and, in fact, the plaintiff might well pirate the vacant lot by summary final judgment against his absent and silent adversary.
For these reasons we think that the rule of immunity rather than the exception is more appropriate under these circumstances.
Applying this rule to the case at bar, we reverse and remand with instructions to grant the motion to quash service of process and to dismiss Count I for lack of jurisdiction over the person of appellant.
REVERSED AND REMANDED.
BERANEK, J., concurs.
DOWNEY, J., dissents with opinion.
DOWNEY, Judge, dissenting:
Jaime Cordoba appeared as a witness in his own behalf in the Circuit Court of Broward County to defend against his erstwhile wife's claims, which arose out of their marital relationship. Specifically, the claims were for: alimony, special equity in jointly held property, and removal of an encumbrance placed on the property by the ex-husband. Jurisdiction to adjudicate those claims (contained in Counts II, III, and IV of the wife's complaint) was acquired by constructive service of process. The cause of action contained in Count I being an in personam cause of action required personal service of process upon the defendant. However, the claim contained therein arose out of the domestic relationship between the parties, i.e., the custody of one of their children. Therefore, it appears to me the claim contained in Count I was incidental to or correlated with the subject matter of the remainder of the proceeding and thus the exception applies rather than the rule relied upon by the majority.
Some background is helpful to an understanding of the problem presented. Jaime is a resident of Colombia, South America. The parties resided for a time in Broward County, where they purchased some property and commenced building a home thereon. Marital difficulties occurred and Sandra returned to her former home in Wyoming, where she instituted divorce proceedings. Jaime never appeared nor was he personally served in that proceeding which resulted in Sandra's obtaining a divorce and custody of Amanda, the youngest child of the parties. No alimony or support questions were adjudicated in the Wyoming proceeding, because of lack of jurisdiction. The Wyoming *593 court had given Sandra temporary custody of Amanda and enjoined her removal from Wyoming. The complaint in question alleges that Jaime "abducted the child Amanda from her place of residence in Wyoming, and where she was in the custody of her mother, and carried her off to Cali, Colombia." The complaint further alleges that the day before Jaime "abducted" Amanda in Wyoming without Sandra's signature or permission a mortgage for $300,000 was placed upon the home property in Broward County.
In view of the foregoing, Sandra instituted this litigation in Broward County seeking in Count I damages for Jaime's tortious infliction of emotional distress on Sandra by abducting the child in her custody; in Count II a removal of the above mentioned mortgage on the home property; in Count III a special equity or lump sum alimony in the home property; and Count IV alternatively, partition.
Jaime's motion to dismiss the complaint for lack of jurisdiction was granted as to Count I and denied as to the other Counts. On appeal by Jaime this court affirmed that order as to Counts II, III, and IV. Cordoba v. Cordoba, 356 So.2d 393 (Fla. 4th DCA 1978). The matter then proceeded in the trial court and Jaime appeared personally to defend against Sandra's claims to clear the title to their property and for alimony. Whereupon, Sandra had Jaime served with a summons and copy of the complaint so as to obtain personal jurisdiction over him vis-a-vis Count I of the complaint.
There is no question that the rule discussed in the majority opinion precludes serving process upon a nonresident witness or party who enters the jurisdiction to attend pending litigation. However, the exception, just as fixed in our jurisprudence, provides that: "where the process was issued in litigation incidental to or correlated with the subject matter of the proceedings during attendance upon which the non-resident suitor was served" immunity from service is denied. State ex rel. Ivey v. Circuit Court of Eleventh Judicial Circuit, 51 So.2d 792, 793-794 (Fla. 1951).
In the Ivey case the pending litigation involved the probate of the estate of Mary Adams Canfield. Ivey, a nonresident, was the executor and a beneficiary. Jan and William Simpson filed a petition in the probate proceedings to set aside the will being offered for probate upon the ground that it had been procured by undue influence practiced by Ivey. Ivey appeared and testified at the hearing upon said petition to set aside the will. Immediately after the hearing Ivey and his wife were served with process issued out of the Circuit Court of Dade County in a suit filed by the Simpsons for declaratory decree against Ivey and others. This suit alleged that Mary Adams Canfield and her husband had agreed to and did execute reciprocal wills devising their respective estates to the survivor and further agreeing that the surviving spouse would devise his or her remaining estate in trust for the Simpsons. Ivey's motion to dismiss the Simpsons' suit for declaratory decree as to Ivey on the ground Ivey was immune from process under the aforementioned rule was denied. In reviewing that order the supreme court held that this case fell within the exception to the rule immunizing nonresident suitors and witnesses from service of process. In justifying application of the exception the court said:
The correlation between the two proceedings here involved is immediately apparent, from what has been said before. The parties are the same, and they both involve the testamentary disposition of her estate by Mrs. Canfield. We think that the facts in the instant case bring it well within the exception to the rule.
Moreover, it is admitted that Richard B. Ivey is actively defending both suits in his capacity as Executor; and we do not think he can be heard to say that he is immune from the process of our courts while he is, at the same time, invoking the service of our courts. 51 So.2d at 794.
The difference between the majority and me is whether the exception applies. Application of the exception requires identity of parties and of legal issues, both of which we have in this case. In fact, the summons *594 involved issued out of the very same litigation at which Jaime was in attendance.
The rule as to immunity from service of process does not apply to process issued to suitors or witnesses in the very cause for which they have entered the jurisdiction. 72 C.J.S. Process, § 80a(3), p. 1115. In an apparent attempt to avoid the foregoing principle appellant asserts that: "Even where the second process is issued in the same lawsuit, the exception to the immunity rule does not apply unless there is complete identity of parties and issues." Appellant cites Murphy & Jordan, Inc. v. Insurance Company of North America, 278 So.2d 296 (Fla.3d DCA 1973), to support that position. I believe appellant's argument is unavailing for the following reason.
In the Murphy & Jordan case, INA had filed suit against three Murphy & Jordan corporations and against Messrs. Murphy and Jordan personally. Two of the corporations and the two individuals were nonresidents. The plaintiff noticed Mr. Murphy, as president of the Florida corporation, and Mr. Jordan, as secretary of the Florida corporation, for deposition. When they appeared, pursuant to the notices of depositions, INA had each man served personally. In addition it served the two foreign corporations by serving Mr. Murphy in his capacity as secretary of the foreign corporations. The two individuals and the two corporations filed a single motion to quash all process and service of process on the ground of immunity, and the trial court denied the motion. The district court of appeal reversed the order upon a holding that there were insufficient grounds to invoke the exception to the immunity rule. Specifically, the court held the identity of parties element was missing, since Messrs. Murphy and Jordan were to be deposed as officers of the Florida corporation. At no point in the opinion did the court hold that the identity of issues element was not present, since it is clear that that element was present.
I conclude that the Murphy & Jordan case does not support appellant's attempt to avoid the principle that suitors or witnesses are not immune to process in the cause for which they have entered the jurisdiction. Further, it seems to me that when, as is the case here, a nonresident party is served during the trial of one or more facets of a multi-faceted lawsuit involving that party, he should not, because of the public policy reasons underlying the grant of immunity, obtain immunity from service of process.
The Supreme Court of the United States set forth those public policy reasons in Lamb v. Schmitt, 285 U.S. 222, 225, 52 S.Ct. 317, 318, 76 L.Ed. 720 (1932), as follows:
The general rule that witnesses, suitors, and their attorneys, while in attendance in connection with the conduct of one suit, are immune from service of process in another, is founded, not upon the convenience of the individuals, but of the court itself.
* * * * * *
As commonly stated and applied, it proceeds upon the ground that the due administration of justice requires that a court shall not permit interference with the progress of a cause pending before, by the service of process in other suits, which would prevent, or the fear of which might tend to discourage, the voluntary attendance of those whose presence is necessary or convenient to the judicial administration in the pending litigation.
* * * * * *
It follows that the privilege should not be enlarged beyond the reason upon which it is founded, and that it should be extended or withheld only as judicial necessities require. (Emphasis added; citations omitted.)
The present case involves the service of process on a party to a single lawsuit. Therefore, that service of process could not interfere with the administration of justice; and the circuit court, by denying appellant's motion to quash service of process, properly refused to enlarge the privilege beyond the reason upon which it is founded.
For the foregoing reasons, I would affirm the order under review.