## JOHNSON v. BOARD OF COUNTY COMMISSIONERS OF BROWARD COUNTY
No. 81-20078
Seventeenth Judicial Circuit, Broward County
October 22, 1981

Alan Rosenthal, for plaintiff.

Harry Stewart, for defendant.

GEORGE W. TEDDER, JR., Circuit Judge.

---

This cause having come on to be heard on the Motion of Defendant, Board of County Commissioners of Broward County (hereinafter "Broward County"), to Exclude the Press and Public from Depositions, and the Court having heard argument of counsel for the parties as well as counsel for the media,[1] and being otherwise fully advised in the premises, the Court hereby enters the following decision:

## BACKGROUND

This is an action involving a challenge to the budgeting process and property tax assessments by Defendant, Broward County.

The Defendant has requested the Court to close the depositions in this case to the press and public, citing potential distraction and disruption caused by their presence. Plaintiffs and the media have urged the Court to deny this request.

## APPLICABLE LAW

The First Amendment to the United States Constitution protects the right to gather news regarding judicial proceedings. *Richmond Newspaper, Inc. v. Virginia*, ____ U.S. ____, 100 S.Ct. 2814 (1980); *Miami Herald Publishing Company v. Chappell*, ____ So.2d ____, Med. L. Rptr. 1956 (Fla. 3d DCA 1981); See also: *State ex rel. Miami Herald Publishing Company v. McIntosh*, 340 So.2d 904 (Fla. 1977); *In Re: Adoption of Proposed Local Rule 17*, 339 So.2d 181 (Fla. 1976).

Florida has consistently adopted a policy of open judicial proceedings. See: *Petition of Post-Newsweek Stations, Florida, Inc.*, 370 So.2d 764 (Fla. 1979). Also, the Florida Supreme Court has stated:

> ". . . [T]he public and press have a right to know what goes on in a courtroom whether the proceeding be criminal or civil. A member of the press . . . may be properly considered a representative of the public insofar as enforcement of public right of access to the court is concerned; and the public and press have a fundamental right of access to all judicial proceedings . . ." *McIntosh, supra* at 908.

---

[1] Appearances were entered on behalf of Sunbeam Television Corporation (WCKT-Channel 7, Miami) and WINZ, Inc. Standing is permitted under *State ex rel. Miami Herald Publishing Co. v. McIntosh, 340 So.2d 904 (Fla. 1977)*.

Depositions have been held to be judicial proceedings. *Gordon v. Gerstein,* 189 So.2d 873 (Fla. 1976); *State v. Diggs,* 5 Med. L. Rptr. 2596 (Fla. 11th Cir. Ct. 1980); *State v. Alford,* 5 Med. L. Rptr. 2054 (Fla. 15th Cir. Ct. 1979); *State v. Bundy,* 4 Med. L. Rptr. 2630 (Fla. 2nd Cir. Ct. 1979); Compare: *Ocala Star Banner Corporation v. Sturgis,* 388 So.2d 1367 (Fla. 5th DCA 1980).

To ensure the openness of such proceedings, Florida courts have held that judicial proceedings may not be closed to the press or public except upon proof that:

1) closure is necessary to prevent a serious and imminent threat to the administration of justice;

2) no less restrictive alternative measure is available; and

3) closure will in fact achieve the court's purpose.

*McIntosh, supra; Miami Herald Publishing Co. v. Lewis,* 383 So.2d 236 (Fla. 4th DCA 1980); *State ex rel. Pensacola News-Journal, Inc. v. Fleet,* 388 So.2d 1367 (Fla. 5th DCA 1980); *Miami Herald Publishing Co. v. State,* 363 So.2d 603 (Fla. 4th DCA 1978); *Miami Herald Publishing Co. v. Chappell, supra.* And this test must be satisfied by evidence upon which factual findings may be based. See: *Chappell, supra* and *Diggs, supra.* The mere desires of parties to a judicial proceeding to exclude the press or public are insufficient. See: *State ex rel. Gore v. Tyson,* 313 So.2d 777 (Fla. 4th DCA 1975); overruled on procedural grounds in *English v. McCrary,* 348 So.2d 293 (Fla. 1977).

## CONCLUSION

Defendant, Broward County, has failed to provide any evidence which would satisfy the test for closure. Accordingly, the Motion to Exclude the Press and Public from Depositions is denied. As applied to electronic media and still photography coverage of the proceedings, the *Post-Newsweek* standards of conduct and technology are strictly applicable. See: *Post-Newsweek, supra.*

