Honorable W. S. McBeath, Administrator Texas Alcoholic Beverage Commission P. O. Box 13127, Capitol Station Austin, Texas 78711
Re: Whether information deemed confidential under section 5.48 of the Alcoholic Beverage Code may be turned over to United States Justice Department pursuant to Antitrust Civil Process Act
Dear Mr. McBeath:
The federal Antitrust Civil Process Act, 15 U.S.C. § 1311 et seq., the Open Records Act, article 6252-17a, V.T.C.S., and section 5.48 of the Alcoholic Beverage Code are at issue in your request for our opinion. You ask:
 Do the provisions of the Antitrust Civil Process Act empower the Justice Department to obtain through a civil investigative demand material deemed confidential by section 5.48 of the Alcoholic Beverage Code and seemingly exempt from disclosure under section 3(a)(1) of the Open Records Act?
Section 5.48 of the Alcoholic Beverage Code provides as follows:
 (a) `Private records,' as used in this section, means all records of a permittee, licensee, or other person other than the name, proposed location, and type of permit or license sought in an application for an original or renewal permit or license, or in a periodic report relating to the importation, distribution, or sale of alcoholic beverages required by the commission to be regularly filed by a permittee or licensee.
 (b) The private records of a permittee, licensee, or other person that are required or obtained by the commission or its agents, in connection with an investigation or otherwise, are privileged unless introduced in evidence in a hearing before the commission or before a court in this state or the United States.
Section 3(a)(1) of the Open Records Act excepts from required public disclosure `information deemed confidential by law.'
In the Antitrust Civil Process Act, Congress provided the Antitrust Division of the Department of Justice with compulsory pre-complaint civil investigative process. The principal reason for the enactment of the act was to cure a major problem which the Department of Justice had encountered in its efforts to enforce the antitrust laws: the lack of compulsory process to obtain evidence during investigations where civil proceedings were contemplated from the outset. Report of Attorney General's National Committee to Study the Antitrust Laws 343-45 (1955). As the committee report pointed out, inadequate investigative tools often led to incomplete investigations that in turn resulted in civil proceedings that a more careful search and study would have shown were unnecessary.
Section 1312(a) of the act provides in relevant part that:
 Whenever the Attorney General, or the Assistant Attorney General in charge of the Antitrust Division of the Department of Justice, has reason to believe that any person may be in possession, custody, or control of any documentary material, or may have any information, relevant to a civil antitrust investigation, he may, prior to the institution of a civil or criminal proceeding thereon, issue in writing, and cause to be served upon such person, a civil investigative demand requiring such person to produce such documentary material for inspection and copying or reproduction. . . .
 `Person' is defined in section 1311(f) as `any natural person, partnership, corporation, association, or other legal entity, including any person acting under color or authority of State law.'
Couched in different language, your question is essentially as follows:
 Must a state agency furnish information requested by the Justice Department pursuant to a civil investigative demand even though the information is confidential under state law?
It is beyond cavil that a state may not retard, impede, burden or otherwise control the operation of a constitutional law enacted by Congress. See, e.g., Perez v. Campbell, 402 U.S. 637 (1971); Nash v. Florida Industrial Commission, 389 U.S. 235 (1967). This is true even where, in passing its law, the state had some purpose in mind other than frustration of federal goals. Perez v. Campbell, supra.
The constitutionality of civil investigative demands issued under the Antitrust Civil Process Act has been upheld. See, e.g., Hyster Company v. United States,338 F.2d 183 (9th Cir. 1964); Petition of Gold Bond Stamp Company, 221 F. Supp. 391 (D.Minn. 1963), aff'd, 325 F.2d 1018 (8th Cir. 1964). Unquestionably, civil investigative demands serve a legitimate federal purpose: they enable the Justice Department to investigate much more effectively suspected violations of the federal antitrust laws.
In our opinion, to conclude that the Alcoholic Beverage Commission may refuse to comply with a civil investigative demand on the ground that the material sought is confidential under Texas law is, in effect, to sanction the notion that validly enacted federal legislation must yield where it clashes with state legislation. Such a conclusion is completely at odds with the concepts underlying the supremacy clause of the federal Constitution. United States Constitution articleVI, clause 2. This clause, as we have noted, prohibits states from erecting barriers which hinder or prevent the accomplishment of permissible congressional goals.
If material is to be regarded as beyond the reach of a civil investigative demand, it must be because the federal act itself places it there. See 15 U.S.C. § 1312(c). We therefore answer your question in the affirmative.
 SUMMARY
The Alcoholic Beverage Commission may not withhold information which is the subject of a civil investigative demand issued pursuant to the Antitrust Civil Process Act, 15 U.S.C. § 1311 et seq., on the ground that the information is confidential under section 3(a)(1) of the Open Records Act and article 5.48 of the Alcoholic Beverage Code.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Jon Bible Assistant Attorney General