

# The Attorney General of Texas

May 5, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable W. S. McBeath,
Administrator
Texas Alcoholic Beverage Commission
P. O. Box 13127, Capitol Station
Austin, Texas    78711

Opinion No. MW-464

Re:    Whether    information
deemed    confidential    under
section 5.48 of the Alcoholic
Beverage Code may be turned
over to United States Justice
Department    pursuant    to
Antitrust Civil Process Act

Dear Mr. McBeath:

The federal Antitrust Civil Process Act, 15 U.S.C. section 1311 et seq., the Open Records Act, article 6252-17a, V.T.C.S., and section 5.48 of the Alcoholic Beverage Code are at issue in your request for our opinion. You ask:

> Do the provisions of the Antitrust Civil Process Act empower the Justice Department to obtain through a civil investigative demand material deemed confidential by section 5.48 of the Alcoholic Beverage Code and seemingly exempt from disclosure under section 3(a)(1) of the Open Records Act?

Section 5.48 of the Alcoholic Beverage Code provides as follows:

> (a) 'Private records,' as used in this section, means all records of a permittee, licensee, or other person other than the name, proposed location, and type of permit or license sought in an application for an original or renewal permit or license, or in a periodic report relating to the importation, distribution, or sale of alcoholic beverages required by the commission to be regularly filed by a permittee or licensee.

> (b) The private records of a permittee, licensee, or other person that are required or obtained by the commission or its agents, in connection with an investigation or otherwise, are

privileged unless introduced in evidence in a
hearing before the commission or before a court in
this state or the United States.

Section 3(a)(1) of the Open Records Act excepts from required public
disclosure "information deemed confidential by law."

In the Antitrust Civil Process Act, Congress provided the
Antitrust Division of the Department of Justice with compulsory
pre-complaint civil investigative process. The principal reason for
the enactment of the act was to cure a major problem which the
Department of Justice had encountered in its efforts to enforce the
antitrust laws:  the lack of compulsory process to obtain evidence
during investigations where civil proceedings were contemplated from
the outset. Report of Attorney General's National Committee to Study
the Antitrust Laws 343-45 (1955). As the committee report pointed
out, inadequate investigative tools often led to incomplete
investigations that in turn resulted in civil proceedings that a more
careful search and study would have shown were unnecessary.

Section 1312(a) of the act provides in relevant part that:

Whenever the Attorney General, or the
Assistant Attorney General in charge of the
Antitrust Division of the Department of Justice,
has reason to believe that any person may be in
possession, custody, or control of any documentary
material, or may have any information, relevant to
a civil antitrust investigation, he may, prior to
the institution of a civil or criminal proceeding
thereon, issue in writing, and cause to be served
upon such person, a civil investigative demand
requiring such person to produce such documentary
material for inspection and copying or
reproduction....

"Person" is defined in section 1311(f) as "any natural person,
partnership, corporation, association, or other legal entity,
including any person acting under color or authority of State law."

Couched in different language, your question is essentially as
follows:

Must a state agency furnish information
requested by the Justice Department pursuant to a
civil investigative demand even though the
information is confidential under state law?

It is beyond cavil that a state may not retard, impede, burden or otherwise control the operation of a constitutional law enacted by Congress. See, e.g., Perez v. Campbell, 402 U.S. 637 (1971); Nash v. Florida Industrial Commission, 389 U.S. 235 (1967). This is true even where, in passing its law, the state had some purpose in mind other than frustration of federal goals. Perez v. Campbell, supra.

The constitutionality of civil investigative demands issued under the Antitrust Civil Process Act has been upheld. See, e.g., Hyster Company v. United States, 338 F.2d 183 (9th Cir. 1964); Petition of Gold Bond Stamp Company, 221 F.Supp. 391 (D. Minn. 1963), aff'd, 325 F.2d 1018 (8th Cir. 1964). Unquestionably, civil investigative demands serve a legitimate federal purpose: they enable the Justice Department to investigate much more effectively suspected violations of the federal antitrust laws.

In our opinion, to conclude that the Alcoholic Beverage Commission may refuse to comply with a civil investigative demand on the ground that the material sought is confidential under Texas law is, in effect, to sanction the notion that validly enacted federal legislation must yield where it clashes with state legislation. Such a conclusion is completely at odds with the concepts underlying the supremacy clause of the federal Constitution. United States Constitution article VI, clause 2. This clause, as we have noted, prohibits states from erecting barriers which hinder or prevent the accomplishment of permissible congressional goals.

If material is to be regarded as beyond the reach of a civil investigative demand, it must be because the federal act itself places it there. See 15 U.S.C. §1312(c). We therefore answer your question in the affirmative.

## S U M M A R Y

The Alcoholic Beverage Commission may not withhold information which is the subject of a civil investigative demand issued pursuant to the Antitrust Civil Process Act, 15 U.S.C. section 1311 et seq., on the ground that the information is confidential under section 3(a)(1) of the Open Records Act and article 5.48 of the Alcoholic Beverage Code.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Jim Moellinger
James V. Sylvester