446 So.2d 253 (1984)
In re: the Petition of Frank EZELL for an Order Setting Aside or Modifying Civil Investigative Demand.
Frank EZELL, Appellant,
v.
Jim SMITH, As Attorney General of Florida, Appellee.
No. 83-650.
District Court of Appeal of Florida, Fifth District.
March 8, 1984.
*254 Robert E. Austin, Jr., Leesburg, Orlando, for appellant; Davis, Litchford, Downing & Christopher, P.A., Orlando, of counsel.
Jim Smith, Atty. Gen., J. Kendrick Tucker, Deputy Atty. Gen., Bill L. Bryant, Jr., Larry H. Evans, Bayard W. Heath, Asst. Attys. Gen., Tallahassee, and James J. Kenny of Kenny, Nachwalter & Seymour, P.A., Miami, for appellee.
ORFINGER, Chief Judge.
The issue presented on this appeal is whether section 542.28, Florida Statutes (1981), authorizing the Attorney General of the State of Florida to issue a civil investigative demand (C.I.D.) in an antitrust investigation, is an unconstitutional infringement on the rule-making powers of the Florida Supreme Court. The trial court held that the statute did not so infringe and was a constitutional exercise of legislative powers. We agree and affirm.
Subject to certain limitations and safeguards, section 542.28(1) authorizes the Attorney General to issue a civil investigative demand to any person believed to be in "possession, custody or control of any documentary material relevant to a civil antitrust *255 investigation authorized by section 542.27(3)" and to require such person to:
(a) Appear and be examined under oath;
(b) Answer written interrogatories under oath; or
(c) Produce documents or other tangible evidence for inspection and copying.
Within thirty days after the service of a C.I.D., the person served may apply to the circuit court in the county where such person resides or transacts business for an order modifying or setting aside such demand. § 542.28(5).
On February 3, 1982, the Attorney General served on appellant a C.I.D., which stated that it was
issued pursuant to the Florida Antitrust Act of 1980, Section 542.28, Florida Statutes, in the course of an official investigation to determine whether there is, has been or may be a violation of Section 542.18, F.S. (The Florida Antitrust Act of 1980) and/or 15 U.S.C. § 1 (Section 1 of the Sherman Antitrust Act), by conduct, activities or proposed action of the following nature: A conspiracy, combination or concert of action in restraint of trade with the purpose or effect of submitting non-competitive, collusive bids on public road construction and resurfacing contracts let by the State of Florida Department of Transportation and other public entities in the State of Florida from at least January 1, 1973 to the present.
At the time the C.I.D. was filed, there was no pending civil or criminal action against appellant.
Contending that section 542.28 was a legislatively promulgated rule of practice and procedure, appellant applied to the circuit court for an order setting aside the C.I.D. The trial court correctly held that this section is not an intrusion on the rule-making power of the supreme court, but is a legislatively defined investigative tool through which the attorney general may exercise his obligation as chief legal officer of the state, to investigate, independently of any court proceedings, suspected violations of the state or federal antitrust laws.
Neither does section 542.28 purport to have anything to do with practice and procedure in the courts. It merely provides an investigative tool, prior to any court action, analagous to the investigative powers of state attorneys under section 27.04, Florida Statutes (1981). That those powers exist independent of court action is well recognized. See Imparato v. Spicola, 238 So.2d 503 (Fla. 2d DCA 1970). An investigation to determine whether any of the laws of the state have been violated is not a proceeding in court, and thus does not regulate practice and procedure in the courts so as to conflict with Article V, section 2(a), Florida Constitution. Nothing in the statute or in the record before us reveals any intent to defeat the discovery provisions of either the civil or criminal rules of procedure. Cf. Able Builders Sanitation Co. v. State, 368 So.2d 1340 (Fla. 3d DCA 1979).
The underlying differences between investigative and adjudicatory proceedings have been described as follows:
The purpose of an investigatory proceeding ... "is to discover and procure evidence not to prove a pending charge or complaint, but upon which to make one if, in the [agency's] judgment, the facts thus discovered should justify doing so." Oklahoma Press Publishing Co. v. Walling, 327 U.S. 186, 201, 66 S.Ct. 494, 501, 90 L.Ed. 614 (1946)... . [S]uch an investigation serves a function which is directly related to but at the same time, distinct from, the function of an adjudication. An investigation discovers and produces evidence; an adjudication tests such evidence upon a record in an adversary proceeding before an independent hearing examiner to determine whether it sustains whatever charges are based upon it ... An investigation does not determine guilt or innocence ...
Genuine Parts Company v. Federal Trade Commission, 445 F.2d 1382 (5th Cir.1971). We hold, therefore, that the civil investigative demand permitted by section 542.28 is not an adjudicatory proceeding *256 and is not a rule of practice and procedure in court and thus not in conflict with the exclusive rule-making power of the supreme court under Article V, section 2(a), Florida Constitution.
Appellant's contention that the C.I.D. provision conflicts with Fla.R.C.P. 1.290(a) is incorrect, because the rule deals with perpetuation of testimony for a court proceeding, which is not the same as the investigative procedure contemplated by the statute. The Attorney General may issue a civil investigative demand only prior to the institution of a civil or criminal proceeding. § 542.28(1). The C.I.D. may not be utilized in lieu of discovery authorized by the rules of procedure once the litigation phase is commenced nor is its purpose the perpetuation of testimony for a court action. The C.I.D. may be directed to witnesses as well as the target of an investigation.
Appellant next contends that the Attorney General may not utilize the C.I.D. to investigate matters which occurred prior to the effective date of the act (October 1, 1980). Section 542.36, Florida Statutes (1981), addresses this point in this language:
Violations commenced prior to the effective date of this act and continuing after the effective date shall be actionable as provided in this chapter. The fact that any conduct occurred prior to the effective date of this act shall not affect its relevance in proving that a violation of this chapter has occurred or is occurring.
Because the act clearly contemplates that conduct prior to the effective date of the act may be relevant in proving violations continuing after its effective date, and because there is no necessary time limit on the relevance of facts which tend to prove violations of law, there appears no factual or legal basis in the record before us which would require that we limit the scope of inquiry to activities that may have occurred only after the effective date of the act. The federal courts have construed the analagous federal statute (the Anti-Trust Civil Process Act of 1962, 15 U.S.C. §§ 1311-1314) to permit investigation of acts which occurred prior to the effective date of the federal act. See, e.g., Lightning Rod Manufacturers Association v. Staal, 339 F.2d 346 (7th Cir.1964); Petition of Gold Bond Stamp Company, 221 F. Supp. 391 (D.Minn. 1963), affirmed, 325 F.2d 1018 (8th Cir.1964). Neither do we find any constitutionally significant issues regarding retrospective application of the statute. The mere disclosure of information to law enforcement officers does not adversely affect or destroy vested rights, create new obligations or duties or establish additional disabilities. Village of El Portal v. City of Miami Shores, 362 So.2d 275 (Fla. 1978); McCord v. Smith, 43 So.2d 704 (Fla. 1950).
Appellant's constitutional attack on section 542.28(1) is not well founded and the trial court properly overruled his objection on that ground. The judgment below is
AFFIRMED.
COBB, J., and CYCMANICK, M.F., Associate Judge, concur.