WENTWORTH, Judge.
This is a petition for writ of common law certiorari seeking review of a circuit court order requiring the petitioners to appear without their attorney before the state attorney to answer questions pursuant to § 27.04, Florida Statutes. For the following reasons, the petition is granted and the order below is quashed.
On December 1, 1983, Myrtle Creamer was arrested by a Bay County police officer and later released from custody without any charge having been filed against her. On January 16, 1984, her husband, daughter, and daughter’s boyfriend [petitioners] were subpoenaed by an assistant state attorney to appear in his office for questioning pursuant to § 27.04. When petitioners appeared as requested, they were accompanied by an attorney, Graham Clarke. The witnesses were called into the state attorney’s office separately and each went in with Mr. Clarke. In response to questions by the state attorney, each informed him that Mr. Clarke’s services had been retained for the purposes of the interview and that if Mr. Clarke was evicted from the office the witness would leave too.[1] Each time, the state attorney ordered Mr. Clarke to leave the office, and each time the witness left with him.
On January 23, 1984, the state attorney instituted the proceedings which resulted in the order of which petitioners now seek review. That order commands petitioners to appear without their attorney and expressly states that “their attorney shall not be allowed in the office of the State Attorney during the questioning pursuant to Florida Statutes 27.04.” Because we find that part of the order barring petitioners’ counsel from the office is not in compliance with the essential requirements of law, we grant the writ and quash the order.
*979 We recognize that there is no statutory or constitutional right to assistance of an attorney when one is questioned pursuant to the state attorney’s investigatory powers and therefore a witness who is so called may not refuse to answer or appear because his attorney is not available. Gordon v. Gerstein, 189 So.2d 873 (Fla.1966). However, an attorney may be present during the questioning so long as he does not interfere with the course of the investigation. Id. Thus, the trial court erred in barring petitioners’ attorney from the questioning in the absence of evidence that he was disrupting the investigation.
The petition for writ of common law cer-tiorari is granted, and the order of the circuit court is hereby quashed.
MILLS and BARFIELD, JJ., concur.

. Incidentally, Mr. Clarke at one point answered yes when asked whether he had been retained to represent Myrtle Creamer in connection with her arrest.