BARKETT, Judge.
This is an interlocutory appeal by Clyde Munsell from an order denying his motion to quash an investigative subpoena issued by the state attorney for the fifteenth judicial circuit. We believe the trial court erred in denying the motion to quash and vacate the lower court order.
In November 1984, two Florida Department of Law Enforcement (FDLE) agents seized $300,000 from the trunk of an automobile in Broward County, Florida. Mun-sell, a resident of California, was not *1287 present when the money was seized. He subsequently filed a complaint in the circuit court for the seventeenth judicial circuit alleging that he was the lawful owner of the $300,000 and seeking its return. Mun-sell named the State of Florida, the FDLE, and the two agents who seized the money as the defendants in his complaint. Mun-sell alleged that the funds were taken without a warrant or probable cause. He further alleged that the funds were not taken incident to a lawful arrest and that no contraband was found on the occupants of the automobile or in the automobile. According to the complaint, no charges were brought against the occupants of the automobile and the currency was not being held as evidence for any trial.
After the filing of Munsell’s complaint, the trial court issued a temporary restraining order directing the two agents and the FDLE to maintain custody of the currency, and set a hearing for February 6, 1985. The agents and the FDLE moved to dissolve the temporary restraining order. They alleged in the unsworn motion that the currency was being held as evidence in a criminal narcotics investigation being conducted by the state attorney for the fifteenth judicial circuit. They set a hearing on the motion to dissolve for February 6, 1985. When Munsell appeared at the hearing, he was served by an assistant state attorney for the fifteenth judicial circuit with an investigative subpoena. Mun-sell filed a motion to quash the subpoena. It is from the trial court’s denial of this motion to quash that Munsell now appeals.
Munsell contends that he was immune from process and that consequently, the trial court erred in denying his motion to quash. The state attorney for the fifteenth judicial circuit contends Munsell falls within a recognized exception to the general rule providing immunity for non-residents attending court proceedings.
As a general rule, “witnesses and suitors in attendance in court outside of the territorial jurisdiction of their residence are immune from service of process while attending court and for a reasonable time before and after going to court and in returning to their homes. Stokes v. Bell, 441 So.2d 146, 146 (Fla.1983), quoting Rorick v. Chancey, 130 Fla. 442, 453, 178 So. 112, 116 (1937), vacated on other grounds on rehearing, 142 Fla. 298, 195 So. 422 (1938). An exception to this rule exists when process is issued in litigation incidental to or correlated with the subject matter of the proceeding at which an attending non-resident is served. Stokes, 441 So.2d at 147; State ex rel. Ivey v. Circuit Court of Eleventh Judicial Circuit, 51 So.2d 792, 793-94 (Fla.1951); Cordoba v. Cordoba, 393 So.2d 589, 591 (Fla. 4th DCA 1981). This exception is strictly limited, however, to instances in which there is an identity of parties and issues between the two proceedings. See Stokes, 441 So.2d at 147; Lienard v. DeWitt, 153 So.2d 302, 304 (Fla.1963); Cordoba, 393 So.2d at 591.
The facts of the instant case fall within the general rule which provides immunity. Munsell, a California resident, was served with an investigative subpoena while at a hearing concerning his suit for return of the seized $300,000. This service was unconnected with any pending litigation but was served pursuant to section 27.04, Florida Statutes (1983). This statute provides:
27.04 Summoning and examining witnesses for state
The state attorney shall have summoned all witnesses required on behalf of the state; and he is allowed the process of his court to summon witnesses from throughout the state to appear before him in or out of term time at such convenient places in the state attorney’s judicial circuit and at such convenient times as may be designated in the summons, to testify before him as to any violation of the criminal law upon which they may be interrogated, and he is empowered to administer oaths to all witnesses summoned to testify by the process of his court or who may voluntarily appear before him to testify as to any violation or violations of the criminal law.
The state attorney’s investigative powers are very broad. He may interrogate wit *1288 nesses in connection with any violation of the criminal law. Able Builders Sanitation Co. v. State, 368 So.2d 1340,1341 (Fla. 3d DCA), dismissed, 373 So.2d 461 (Fla.1979); Morgan v. State, 309 So.2d 552, 553 (Fla. 2d DCA 1975). Moreover, an investigation may be held, and the subpoena powers of section 27.04 may be used, even when the target of the investigation has not been named in an indictment or an information. See Creamer v. State, 447 So.2d 978, 978 (Fla. 1st DCA), review denied, 453 So.2d 45 (Fla.1984); State v. Barreiro, 432 So.2d 138, 139 (Fla. 3d DCA), review denied, 441 So.2d 631 (Fla.1983); Able Builders, 368 So.2d at 1341. Cf. Ezell v. Smith, 446 So.2d 253 (Fla. 5th DCA 1984). The service of process in the instant case was not limited in any way and was issued for an investigation and not for any pending litigation. Thus, it is impossible to determine whether there is an identity of parties and/or issues.
The purpose underlying the general rule of immunity mandates a strict application of any exceptions. As we said in Cordoba:
[T]he basic reason for the rule is to aid in the orderly administration of justice. It is important to that process that any person having knowledge of the facts in issue before the court be motivated to appear and to make those facts known. The possibility of being served with process while so involved might well deter witnesses or parties from coming forward.
393 So.2d at 591.
The facts in this case are insufficient for the application of any exception to the general rule of immunity for nonresidents. Thus, we vacate the order denying Mun-sell’s motion to quash, and remand this cause to the trial court with instructions to grant the motion to quash.
VACATED AND REMANDED.
DOWNEY and DELL, JJ., concur.